# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 6:07-cr-1 |
| § | |
| EMILOR, S.A., § | |
| Defendant. § | |

## ORDER

Before the Court are Defendant Emilor, S.A.'s Motion in Limine to Admit Statements by FinCEN (Doc. No. 53) and the United States' Response (Doc. No. 64). Emilor's Motion has been referred to the undersigned pursuant to Order (Doc. No. 56), 28 U.S.C. § 636(b)(1)(A) and FED. R. CRIM. P. 59(a). After careful consideration of the parties' submissions and for the reasons set forth below, it is hereby ORDERED that Emilor's Motion in Limine to Admit Statements by FinCEN be DENIED.

Emilor moves *in limine* to admit several statements from FinCEN and the Office of the Comptroller of the Currency indicating that a money services business without an agent, agency, branch or office within the United States need not register with FinCEN.[1] Emilor argues that these statements are relevant and probative to whether Emilor acted reasonably in failing to register with FinCEN. Emilor contends that if it acted reasonably, it could not have acted "knowingly" within the meaning of 18 U.S.C. § 1960. Section 1960 provides, in relevant part:

> (a) Whoever knowingly conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business, shall be fined in accordance with this title or imprisoned not more than 5 years, or both.

---

[1] For example, one of the statements provide, "[o]nly financial institutions located within the United States are subject to the reporting and recordkeeping requirements of the BSA [Bank Secrecy Act]." Elwood Supp. Aff., Ex. A (Doc. No. 52-3).

> (b) As used in this section –
>
>> (1) the term "unlicensed money transmitting business" means a money transmitting business which affects interstate or foreign commerce in any manner or degree and--
>>> (A) is operated without an appropriate money transmitting license in a State where such operation is punishable as a misdemeanor or a felony under State law, whether or not the defendant knew that the operation was required to be licensed or that the operation was so punishable;
>>> (B) fails to comply with the money transmitting business registration requirements under section 5330 of title 31, United States Code, or regulations prescribed under such section;

18 U.S.C. § 1960.  Emilor seems to argue that the statute's requirement of "knowingly" operating an unlicensed money transmitting business also requires that a defendant knowingly fail to register with FinCEN, presumably because it knew of its duty to do so.  As support, Emilor contends that the statute's reference to "knowingly" must be imputed to every element of the offense that follows this *mens rea* element.  MOT. AT 5 (citing *Liparota v. United States*, 471 U.S. 419 (1985); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 704-05 (2005)).

However, the Court does not find that the authority to which Emilor cites supports its proposition that "knowingly" must be imputed to every element of the offense.  Instead, the Supreme Court has limited the application of the *mens rea* element to the most natural grammatical reading of the statute, which normally are the surrounding verbs that follows:

> We have recognized with regard to similar statutory language that the *mens rea* [knowingly] at least applies to the acts that immediately follow, if not to other elements down the statutory chain. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 68, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994) (recognizing that the "most natural grammatical reading" of 18 U.S.C. §§ 2252(a)(1) and (2) "suggests that the term 'knowingly' modifies only the surrounding verbs: transports, ships, receives, distributes, or reproduces"); *see also Liparota v. United States*, 471 U.S. 419, 105 S. Ct. 2084, 85 L. Ed. 2d 434 (1985).

*Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005). In this case, the surrounding verbs that follow "knowingly" are "conducts, controls, manages, supervises, directs, or owns," which can be summarized with the verb, to operate. Accordingly, the statute only requires that a defendant knowingly operate an unlicensed money transmitting business, and does not require that a defendant knowingly fail to register. The Fourth Circuit has reached a similar conclusion for this statute:

> Section 1960, as currently written, applies to whoever "knowingly conducts . . . an unlicensed money transmitting business," 18 U.S.C.A. § 1960(a), and defines "unlicensed money transmitting business," in relevant part, as "a money transmitting business which affects interstate or foreign commerce . . . and . . . fails to comply with the money transmitting business registration requirements" set forth in 31 U.S.C.A. § 5330 or accompanying regulations, 18 U.S.C.A. § 1960(b)(1)(B). There is no question here that the Government must prove the Talebnejads' knowledge as to all of the factual elements of the crime: that they were conducting a money transmitting business that affected interstate commerce and that was unregistered. Therefore, § 1960(b)(1)(B) sets forth a constitutionally valid general intent crime, just as § 1960(b)(1)(A) does. *See Bryan*, 524 U.S. at 192, 118 S.Ct. 1939. Nothing in the statutory language – such as the use of the word "willful" – suggests that the Government must additionally prove knowledge of the law.

*United States v. Talebnejad*, 460 F.3d 563, 572 (4th Cir. 2006); *see also United States v. Uddin*, 365 F. Supp. 2d 825, 829 (E.D. Michigan 2005); *United States v. Keleta*, 441 F. Supp. 2d 1, 2 (D.D.C. 2006).[2] As a violation of Section 1960 does not require that a defendant knowingly fail to register, Emilor cannot present evidence that it acted reasonably in its belief that it was not required to register. FinCEN's opinion statements are therefore not relevant or probative towards any element

---

[2] As the Government notes in its Response, the legislative history of the Patriot Act amendment to Section 1960 sheds further light regarding Congress' intent:
> The proposal makes clear that an offense under § 1960 is a general intent crime for which the defendant is liable if he knowingly operates an unlicensed money transmitting business. For purposes of a criminal prosecution, the government would not have to show that the defendant knew that a State license was required or that the Federal registration requirement promulgated pursuant to 31 U.S.C. § 5330 applied to the business.

H.R. Rep. No. 107-250(I), to accompany H.R. 3004, at 54 (Oct. l7, 2001), Financial Anti-Terrorism Act of 2001, Report of Committee on Financial Services.

of the offense charged or any defense available to Emilor.

In addition, Emilor argues that the FinCEN statements are admissible before a jury because they can be characterized as party opponent admissions under FED. R. EVID. 801(d)(2)(D). MOT. AT 6 (citing *United States v. Barile*, 286 F.3d 749, 758 (4th Cir. 2002)). While party opponent admissions are not considered hearsay under the Federal Rules of Evidence, the FinCEN statements at issue nevertheless constitute opinion evidence containing legal conclusions that are not admissible to a jury. *See United States v. Milton*, 555 F.2d 1198, 1203 (5th Cir. 1977) ("Rule 704 abolishes the per se rule against testimony regarding ultimate issues of fact. By the same token, however, courts must remain vigilant against the admission of legal conclusions, and an expert witness may not substitute for the court in charging the jury regarding the applicable law."); *see also United States v. Izydore*, 167 F.3d 213, 218 (5th Cir. 1999). For example, FinCEN's opinion that a certain *casa de cambio* "is not required to register because the BSA and implementing regulations only apply to financial institutions located within the United States" is a legal conclusion and is therefore not admissible to a jury.

For the reasons stated above, Emilor's Motion in Limine to Admit Statements by FinCEN (Doc. No. 53) is hereby **DENIED**.

**So ORDERED and SIGNED this 16th day of May, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE