**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:07-cr-1** |
| | § | |
| **EMILOR, S.A.,** | § | |
| **Defendant.** | § | |

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>
<u>**OF UNITED STATES MAGISTRATE JUDGE**</u>

Before the Court is Defendant Emilor, S.A.'s Omnibus Motion to Dismiss Indictment and

for Other Relief (Doc. No. 37), and Emilor's Motion to Quash Grand Jury Subpoena and for Other

Relief (Doc. No. 17).  Emilor's Motion to Dismiss Indictment has been referred to United States

Magistrate Judge John D. Love for a Report and Recommendation pursuant to an Order of this Court

(Doc. No. 43), 28 U.S.C. § 636(b)(1)(B), and FED. R. CRIM. P. 59(B).  Emilor's Motion to Quash

Grand Jury Subpoena has been referred to Magistrate Judge Love pursuant to an Order of this Court

(Doc. No. 38), 28 U.S.C. § 636(b)(1)(A), and FED. R. CRIM. P. 59(A).  The Report of the Magistrate

Judge (Doc. No. 48) containing his findings and conclusions has been presented for consideration.

Emilor has filed two Objections (Doc. No. 62, 72) to the Report and Recommendation and to the

Order (Doc. No. 50) denying Emilor's Motion to Quash Grand Jury Subpoena, and delineates three

primary arguments in its Memorandum of Law: (1) further briefing is necessary after the

Government discloses its Bill of Particulars, (2) 31 U.S.C. § 5330 and the corresponding regulations

do not provide "separate and independent" registration requirements or replaceable definitions of

"money transmitting business," and (3) the Magistrate Judge erred in allowing the Government to

file an *ex parte* affidavit.  The Court has previously addressed Emilor's first argument in an Order

dated May 15, 2008 (Doc. No. 66).  This order addresses Emilor's second and third arguments and

whether the Report and Recommendation should be adopted as the opinion of this Court.

In its second argument, Emilor objects to the following section of the Magistrate Judge's

Report:

> Section 5330 provides registration requirements that are separate and independent
> from the registration requirements provided by the regulations.  Violation of either
> registration scheme is sufficient to constitute a violation of Section 1960(b)(1)(B).
> The registration requirements under the regulations and its definition of "money
> services business" therefore cannot replace the definition of "money transmitting
> business" in Section 5330, nor can it be imported as an essential element of Section
> 1960.

REPORT AND RECOMMENDATION AT 9 (Doc. No. 48).  Emilor raises two issues that are closely

related: (1) the registration requirements provided by the statute and the regulations cannot be

considered separate and independent, and (2) the definitions of "money transmitting business" and

"money services business" contained in the statute and the regulations are not replaceable.  Instead

of separate and independent, Emilor asserts that the regulations were enacted to augment the

statutory scheme such that both the statute and the regulations must be applied together.  "Not doing

so could lead to incongruous and indeed bizarre results whereby virtually every bank in the country

would be engaging in a felony."  OBJECTIONS AT 11.  Also, "[t]he statute and the regulations do not

create . . . a situation whereby someone transmitting money is following the statute *or* the

regulations, but can be found guilty of a criminal offense under Section 1960."  OBJECTIONS AT 10.

Emilor contends that the definitions contained in the statute and the regulations are not replaceable

because the terms "money transmitting business" and "money services business" are interchangeable

and their definitions must be considered together.  Emilor concludes that "[i]t would be correct,

therefore, to import the regulations into Section 1960, through the application of Section 5330, and

consider the regulations, as they affect registration, [as] essential elements of Section 1960(b)(1)(B)." OBJECTIONS AT 12.

The Court emphasizes again that the motion before the Court and the Magistrate Judge is a Motion to Dismiss Indictment, whereby the Court must determine whether the Indictment in this case has been sufficiently alleged.  The Court is of the opinion that the Indictment has been sufficiently alleged through its reference to the elements of 18 U.S.C. § 1960, and need not incorporate the definitions of 31 U.S.C. § 5330 or the regulations prescribed under such section.  As the Magistrate Judge's Report noted, "[t]he Court therefore expresses no opinion as to whether Section 5330's or Section 1960(b)(2)'s definition applies for evidentiary and jury instruction purposes.  However, to the extent Emilor argues that Section 5330's definition must be alleged in the Indictment, the Court finds such an argument unpersuasive for the same reasons that the definition of 'money services business' contained in the regulations need not be alleged in the Indictment." REPORT AND RECOMMENDATION AT 5 N.1.  Though not expressly stated, the Magistrate Judge's Report similarly expressed no opinion as to whether the definition of "money services business" contained in the regulations would apply for evidentiary and jury instruction purposes. It therefore has not yet been determined whether the regulations augment the statutory scheme and whether their respective definitions should be considered together, for evidentiary and jury instruction purposes.  All that has been decided is the Indictment need not allege the definitions contained in Section 5330 or the regulations prescribed under such section.

In stating that Section 5330 provides registration requirements that are separate and independent from those provided by the regulations, and in stating that violation of either scheme is sufficient to constitute a violation of Section 1960(b)(1)(B), the Magistrate Judge simply observed

that the statutory language of Section 1960(b)(1)(B) is disjunctive – it characterizes the offense as failing to comply with the registration requirements of 31 U.S.C. § 5330 *or* the regulations prescribed under such section.  This observation was one of several bases upon which the Report held that the regulations cannot be considered an essential element for the purposes of an indictment. Again, the Report expressed no opinion as to whether the regulations and the statute must be applied together for evidentiary or jury instruction purposes at trial.

Furthermore, Emilor contends that the definitions contained in Section 5330 and the regulations are not replaceable.  In effect, Emilor seems to argue that the definition of "money services business" provided by the regulations cannot be replaced by the definition of "money transmitting business" provided by Section 5330.   The Magistrate Judge's Report, however, is not at odds with Emilor's argument, as the Report concludes, "[t]he registration requirements under the regulations and its definition of 'money services business' therefore *cannot replace* the definition of 'money transmitting business' in Section 5330, nor can it be imported as an essential element of Section 1960."[1] REPORT AND RECOMMENDATION AT 8-9 (emphasis added).  The Magistrate Judge's Report simply acknowledges that the reverse is also true due to the disjunctive nature of Section 1960(b)(1)(B) – the definition provided by Section 5330 cannot be replaced by the definition provided by the regulations.  In other words, both definitions provided by Section 5330 and the regulations maintain an effectiveness that is not replaceable.  For the purposes of Emilor's Motion to Dismiss Indictment, however, whether the definitions are replaceable is not relevant.  As the Court has previously expressed, neither the definition contained in Section 5330 or the regulations need

---

[1] The Court notes that Emilor does not address in its Objections how the disjunctive nature of Section 1960(b)(1)(B) can be reconciled with its argument that Section 5330 and the regulations cannot be considered separate and independent.

to be alleged in the Indictment.  Accordingly, the Court is of the opinion that the Magistrate Judge's Report is correct regarding Emilor's second argument and hereby overrules Emilor's objections contained therein.

In its third argument, Emilor objects to the Magistrate Judge's Orders (Doc. Nos. 41, 44) for the Government to file an *ex parte in camera* affidavit, and the Magistrate Judge's reliance upon that affidavit in its Report and Recommendation and its Order denying Emilor's Motion to Quash Grand Jury Subpoenas.  Emilor claims that much of the information required to be disclosed by the Magistrate Judge are not protected by the secrecy requirements of FED. R. CRIM. P. 6(E) because the information would not have been presented to a grand jury.  OBJECTIONS AT 12-14 (citing *In re Grand Jury Investigation, Lance v. U.S. Department of Justice*, 610 F.2d 202, 217 (5th Cir. 1980)). For example, Emilor objects to the Magistrate Judge's order to provide "[t]he reason and specific legal basis for which BNA was directed to deliver the subpoenaed documents directly to the U.S. Attorney's Office, rather than to the Grand Jury."  ORDER DATED MARCH 28, 2008 (Doc. No. 41). Emilor seeks disclosure of the Government's affidavit and any other material provided *in camera*, arguing that the need for secrecy is outweighed by Emilor's particularized showing of need to rebut the Government's allegations.

FED. R. CRIM. P. 6(E)(2) states in relevant part, "[u]nless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: (vi) an attorney for the government."  The Fifth Circuit has discussed the meaning of "matters occurring before the grand jury" as follows:

> Courts have interpreted the secrecy requirement imposed by Rule 6(e) to apply not only to information drawn from transcripts of grand jury proceedings, but also to anything which "may tend to reveal what transpired before the grand jury."  *United*

> *States v. Armco Steel Corp.*, 458 F. Supp. 784, 790 (W.D. Mo. 1978). *See also United States v. Gold*, 470 F. Supp. 1336, 1350 (N.D. Ill. 1979). We construe the secrecy provisions of Rule 6(e) to apply not only to disclosures of events which have already occurred before the grand jury, such as a witness's testimony, but also to disclosures of matters which will occur, such as statements which reveal the identity of persons who will be called to testify or which report when the grand jury will return an indictment.

*In re Grand Jury Investigation, Lance v. U.S. Department of Justice*, 610 F.2d 202, 216 (5th Cir. 1980). The Court finds that much of the information requested by the Magistrate Judge is directed either at events that have occurred before the Grand Jury,[2] or events that will occur,[3] based upon ongoing criminal investigations that may be presented to a grand jury at a later date. Accordingly, to the extent the Government's affidavit disclosed information relevant to "matters occurring before the grand jury," in the past, present or future, the Court is of the opinion that the *ex parte in camera* affidavit was properly requested and considered by the Magistrate Judge.

As noted by Emilor, the Magistrate Judge also ordered the Government to explain why it directed BNA to deliver subpoenaed documents directly to the U.S. Attorney's Office, why it initially asked BNA not to disclose the existence of the grand jury subpoena, why it subsequently permitted BNA to disclose the existence of the subpoena, and the circumstances surrounding the negotiations between the Government and Emilor regarding dismissal of the Indictment. Emilor claims that all information contained in materials not submitted to the Grand Jury, including the statements contained in the Government's affidavit, receive no secrecy protection under Rule 6(e) and therefore should be disclosed. OBJECTIONS AT 14 (citing *In re Grand Jury Matter, Catania*, 682

---

[2] For example, the Magistrate Judge's Order directed the Government to provide "[t]he original purpose and/or investigation for which the grand jury subpoenas were issued to BNA and Kroll Associates."

[3] For example, the Magistrate Judge's Order directed the Government to explain "[w]hether the indictment against Emilor was premature," and to provide "[t]he reason for which no indictment has been issued following the issuance of the two grand jury subpoenas."

F.2d 61, 64 (3d Cir. 1982) ("The information transmitted to the District Attorney on December 7, 1981 consisted of materials obtained in the course of the FBI's investigation of possible unlawful activity, including tape recordings and transcripts of consensually monitored conversations, FBI 302's, documents obtained without grand jury subpoena, and a prosecution memorandum summarizing the information compiled by the FBI's investigation. . . . The information developed by the FBI, although perhaps developed with an eye toward ultimate use in a grand jury proceeding, exists apart from and was developed independently of grand jury processes. . . . Thus, the district court did not err in holding that the material disclosed on December 7, 1981 falls outside Rule 6(e)")).

Emilor's reliance upon the *Catania* court is misplaced. The items that the *Catania* court held as falling outside of Rule 6(e)'s secrecy protection were materials and documents obtained in the course of the FBI's investigation of possible criminal activity. This comports with the Federal Rules' general requirement that documents and objects should be disclosed to the defendant if relevant to his defense. *See* FED. R. CRIM. P. 16(A)(1)(E). On the other hand, the information sought from the Government in this case, consists of an explanation as to why the Government acted the way it did on several occasions. Explanations of this sort are distinguishable from the materials and documents addressed by the *Catania* court. The Magistrate Judge requested such information to receive a full picture of whether the Government acted properly when it issued the grand jury subpoenas. If the Magistrate Judge found that any of the information provided in the affidavit revealed governmental misconduct or was relevant to Emilor's defense, the court would have taken further action, including disclosure of relevant information. The Magistrate Judge specifically stated in its Order, "[f]ailure to adequately address each of these issues may result in further action from

7

the Court." ORDER DATED March 28, 2008 (Doc. No. 41).  Having reviewed the *ex parte in camera* affidavit, the Court agrees with the Magistrate Judge, and similarly finds that the information contained therein does not reveal governmental misconduct and does not contain information relevant to Emilor's defense.

Moreover, the Government's explanation as to why it acted the way it did is analogous to an attorney's work product or internal memorandum explaining case strategy and prosecutorial discretion.  The Federal Rules clearly state that such information is not subject to disclosure:

> Except as Rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.

FED. R. CRIM. P. 16(a)(2); *see also* Advisory Committee Notes to 1974 Amendment for subdivision (a)(2) ("The only proposed change is that the 'reports, memoranda, or other internal government documents made by the attorney for the government' are included to make clear that the work product of the government attorney is protected.").  Accordingly, to the extent the information contained in the Government's *ex parte in camera* affidavit are not "matters occurring before the grand jury," the Court is of the opinion that the information contained therein is not subject to disclosure and was properly requested and considered by the Magistrate Judge.  The Court further finds there to be a strong public interest in secrecy due to ongoing criminal investigations involving the Grand Jury that outweighs any need for Emilor to rebut the Government's allegations.  For these reasons, Emilor's objections contained in its third argument are hereby overruled and Emilor's request for disclosure of the Government's *ex parte in camera* affidavit is denied.

Emilor reiterates in its most recent Objections (Doc. No. 72) to the Report and

8

Recommendation that it is objecting to the entirety of the Report and Recommendation, and specifically, to six recommended rulings of the Magistrate Judge. *See* OBJECTIONS AT 3.  Emilor also seeks clarification that supplemental briefing for each of these six objections has been denied by the Court.  Emilor seeks further clarification that the Court has overruled each of these objections for the reasons given by the Magistrate Judge.[4]  Having carefully reviewed the Report and Recommendation of the Magistrate Judge, the Court is of the opinion that the findings and conclusions contained therein are correct.  All of Emilor's remaining objections to the Report and Recommendation are therefore overruled.  The Court also clarifies that supplemental briefing for the six objections identified by Emilor have been denied.

For the reasons stated above and the Court's Order dated May 15, 2008 (Doc. No. 66), it is hereby **ORDERED** that all of Emilor's Objections (Doc. Nos. 62, 72) to the Report and Recommendation are **OVERRULED** in their entirety.  Accordingly, the Court hereby adopts the Report and Recommendation of the United States Magistrate Judge as the Opinion and Order of this Court.  Emilor, S.A.'s Omnibus Motion to Dismiss Indictment and for Other Relief (Doc. No. 37) is therefore **DENIED**.

**So ORDERED and SIGNED this 21st day of May, 2008.**



**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**

---

[4] Prior to this Order, the Court has only overruled the objections contained in Emilor's first argument that further briefing is necessary after the Government discloses its Bill of Particulars.  All remaining objections are addressed by this Order.